UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CV-404-RLM |
| | ) | ARISING FROM 3:01-CR-50 (02)-RLM |
| PAUL L. MAGEE | ) | |

OPINION and ORDER

In separate orders in 2005 and 2006 and after an evidentiary hearing, the court denied the ten claims Paul L. Magee made in a 28 U.S.C. § 2255 motion. Mr. Magee appealed that decision on just one of those grounds and the court of appeals affirmed the denial in 2008. In the last four years, the court has received no further filings until Mr. Magee filed a motion for relief from judgment under FEDERAL RULE OF CIVIL PROCEDURE 60(b), which is now before the court.

Mr. Magee's Rule 60(b) motion complains about the way the court calculated the sentencing guidelines in 2002. Mr. Magee can't proceed with a Rule 60(b) motion on this claim. He says in his motion that all the issues he raised in his § 2255 were resolved except this "Booker" claim. This isn't the case; the dispute with the application of the sentencing guidelines isn't among the ten claims raised in Mr. Magee's § 2255 motion (and thus also wasn't the one issue he appealed). Therefore, though Mr. Magee says he is asking for relief from the court's judgment on his § 2255 motion, he really is raising a new challenge to the judgment and sentence. The procedure for doing so is another

motion under 28 U.S.C. § 2255 and courts are instructed to treat challenges to a prisoner's conviction or sentence as motions arising under § 2255, even when the defendant applies a different statute or rule. Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls."). Mr. Magee's sentencing guidelines' application challenge, while termed a Rule 60(b) motion, is read as a § 2255 motion challenging his sentence.

Because Mr. Magee has already filed a § 2255 motion, he would need leave of the court of appeals to file a second or subsequent motion with this court. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244. He has neither sought nor received such leave, so this court doesn't have the power to consider his post-conviction challenge.

Even if this truly were a Rule 60(b) claim, it doesn't appear to have any merit. Mr. Magee uses this filing to attack the way the court applied the Sentencing Guidelines and calculated his base offense level when sentencing Mr. Magee in 2002. Mr. Magee was involved in two armed robberies of two separate banks on two separate days. A jury found him guilty of one count of bank robbery and one count of armed bank robbery for each incident (thus, guilty of four counts). When the court sentenced Mr. Magee, it declined to enter judgment on the two "lesser" counts, that is the two counts of bank robbery,

since they were incorporated in the two counts of armed bank robbery. Using the 2001 Sentencing Guidelines, for each armed robbery, the court began at base level 20 for robbery, U.S.S.G. § 2B3.1(a), then added 2 levels because the target of the robbery was a financial institution, § 2B3.1(b)(1), 5 levels because a firearm was brandished, § 2B3.1(b)(2)(C), and 2 more levels for obstruction of justice, § 3C1.1. One of the robberies remained at this total of 29, and one ended up at 30 because the amount of loss in that robbery exceeded $10,000. § 2B3.1(b)(7)(B). Then, § 3D1.4 instructed the court to combine the 29 and 30 base levels by adding 2 to the highest level (30) because each robbery was awarded one "unit" in that section.

Mr. Magee asserts that since counts two and six embody separate crimes, they shouldn't have been combined under § 3D1.4. Mr. Magee doesn't clarify whether he thinks the crimes should have been grouped under § 3D1.2 or whether they should have been sentenced without any combination. The grouping provision doesn't apply. The two lesser-included offenses were merged and the two armed bank robbery offenses shouldn't be grouped under § 3D1.2 because they embody separate crimes committed on separate days. Thus, § 3D1.4 provides a calculation that assigns units, starting with the greater offense level (30) and adding two levels to adjust for the other crime's offense level (29). If Mr. Magee is asserting that the court should have sentenced the two crimes separately (and he does say they are, "two separate cases"), the net sentence would likely have been much higher. Mr. Magee's sentencing guidelines recommendation would have been 121 to 151 months for the one

case and 135 to 168 months for the second case and a concurrent sentence isn't typically appropriate in such a case, so the likelihood of a sentence much longer than the 198 months he received on each count (but was allowed to serve concurrently) is much higher.

The court DENIES Mr. Magee's Rule 60(b) motion because it is a challenge to his conviction and sentence that must be brought according to the rules of 28 U.S.C. § 2255.

SO ORDERED.

ENTERED: <u>July 31, 2012</u>

<u>     /s/ Robert L. Miller, Jr.     </u>     
Judge  
United States District Court